In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-22-00143-CR
_____

LACIE RENEE JARVIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 20-06-07656-CR

MEMORANDUM OPINION

Lacie Renee Jarvis appeals her conviction for injury to a child, a first-degree felony.[1] After filing the notice of appeal, the trial court appointed an attorney to represent Jarvis in her appeal. The attorney discharged his responsibilities to Jarvis by filing an *Anders* brief.[2]

[1]*See* Tex. Penal Code Ann. § 22.04(b)(1).
[2]*See Anders v. California,* 386 U.S. 738, 744 (1967).

1

In the brief, Jarvis's attorney represents there are no arguable reversible errors to be addressed in Jarvis's appeal.[3] The brief the attorney filed contains a professional evaluation of the record. In the brief, Jarvis's attorney explains why, under the record in Jarvis's case, no arguable issues exist to reverse the trial court's judgment.[4] Jarvis's attorney also represented that he sent Jarvis a copy of the brief and the record. When the brief was filed, the Clerk of the Ninth Court of Appeals notified Jarvis, by letter, that she could file a pro se brief or response with the Court on or before July 19, 2022. Jarvis, however, failed to respond.

When an attorney files an *Anders* brief, we are required to independently examine the record and determine whether the attorney assigned to represent the defendant has a non-frivolous argument that would support the appeal.[5] After reviewing the clerk's record, the reporter's record, and the attorney's brief, we agree there are no arguable grounds to support the appeal. Thus, it follows the appeal is frivolous.[6]

---

[3]*See id.*; *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).
[4]*Id.*
[5]*Penson v. Ohio*, 488 U.S. 75, 80 (1988) (citing *Anders*, 386 U.S. at 744).
[6]*See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record

For that reason, we need not require the trial court to appoint another attorney to re-brief the appeal.[7]

The trial court's judgment is affirmed.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on July 26, 2023
Opinion Delivered August 2, 2023
Do Not Publish

Before Horton, Johnson and Wright, JJ.

---

for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1.").

[7]*See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Jarvis may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.